UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NICOLE BEVERLY SILVERBERG,

Plaintiff,

v.

STEVEN BONOMO, et al.,

Defendants.

Case No. 2:25-cv-01314-APG-EJY

**ORDER**

Pending before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis* and Request for Service by U.S. Marshal. ECF No. 30. Plaintiff's request to proceed as an *in forma pauperis* litigant is moot as she paid the filing fee of $405 on July 18, 2025. ECF No. 1.

With respect to Plaintiff's request that service be accomplished by the U.S. Marshal, the Court starts with Federal Rule of Civil Procedure 4(c)(3), which states that "[a]t the plaintiff's request, the court *may* order that service be made by a United States [M]arshal or [D]eputy [M]arshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3) (emphasis added). The Rules makes clear court is not obligated to enter such an order unless the plaintiff is "authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916." *Id.* Here, as stated, Plaintiff is not an *in forma pauperis* litigant. Plaintiff is also not a seaman as defined by statute.

The docket in this case demonstrates Plaintiff not only paid the filing fee, but has filed numerous motions including, but not limited to, a Motion for Temporary Restraining Order and two Motions for Preliminary Injunction. ECF Nos. 8, 9, 27. Plaintiff's application to proceed *in forma pauperis* recites substantial expenses but no income, which creates questions for the Court. Further, the Court notes, granting IFP status does not entitle Plaintiff to exemption from paying litigation costs. *Porter v. Dept. of Treasury*, 564 F.3d 176, 180 (3d Cir. 2009) (granting of IFP status exempts litigants from filing fees only; it does not exempt litigants from the costs of copying and filing documents, service of documents other than the complaint, costs, expert witness fees, or sanctions);

*MG Premium Ltd. v. Does*, Case No. 2:21-cv-08533-MCS-KK, 2023 WL 6812671, at *1 (C.D. Cal. Jul. 13, 2023) ("it is neither the Court's nor opposing party's role to subsidize an indigent party's litigation costs"). *See also Drew v. Hernandez*, Case No. 3:22-cv-00194-RRB, 2023 WL 2500848, at *4 (D. Alaska Mar. 14, 2023) (because plaintiff paid the filing fee, a request for service by the U.S. Marshals is not merited); *Hejazi v. Esper*, Case No. 6:19-cv-00149-MK, 2021 WL 9493959, at *1 (D. Ore. Apr. 6, 2021) ("[b]ecause Plaintiff has paid the filing fee, the United States Marshals will not execute service on his behalf").

In sum, the Court finds Plaintiff's history of payment, demonstrated filings, and an *in forma pauperis* application that fails to explain how she maintains high expenses but has no income, defies a finding that service by the U.S. Marshal Service is appropriately ordered.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Proceed *in forma pauperis* and Request for Service by U.S. Marshal (ECF No. 30) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff is directed to the waiver of service provision under Fed. R. Civ. P. 4(d).

IT IS FURTHER ORDERED that the Clerk of Court is kindly asked to send to Plaintiff the Notice of Lawsuit and Request to Waive Service of Summons; and the Waiver of Service of Summons forms (**attached as Exhibit A**).

Dated this 1st day of October, 2025.


_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | | |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| _____ | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: _____

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

_____

*Signature of the attorney or unrepresented party*

_____

*Printed name*

_____

*Address*

_____

*E-mail address*

_____

*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | Civil Action No. |
| v. | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

   I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

   I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

   I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

   I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____          _____
                                                    *Signature of the attorney or unrepresented party*

_____          _____
*Printed name of party waiving service of summons*                      *Printed name*

                                                    _____
                                                    *Address*

                                                    _____
                                                    *E-mail address*

                                                    _____
                                                    *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

   Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

   "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

   If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

   If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.