UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NICOLE BEVERLY SILVERBERG,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN BONOMO, et al.,<br><br>Defendants. | Case No. 2:25-cv-01314-APG-EJY<br><br>**ORDER** |

Pending before the Court is ECF No 59, which is Plaintiff's Emergency Motion to Modify Pending Third Motion for Alternative Service (hereinafter the "Emergency Motion"). The Emergency Motion asks to "withdraws the portion" of ECF No. 51—Plaintiff's Third Motion Requesting Leave to Serve by Alternative Means—that sought to serve Defendants Salav, Bonomo, Parsons, and Kariger by certified mail and, if such mail was refused, to serve by First Class U.S. Mail. ECF No. 59 at 1 referring to ECF No. 51 at 3. Instead of serving by mail, the Emergency Motion seeks permission to serve these Defendants by leaving a copy of the Summonses and Complaint with the concierge desk at Panorama Towers where the Defendants allegedly conduct business. *Id*. 59 at 1.

On October 23, 2025, the Court entered an Order expressing concern over Plaintiff's proof that effective service had been attempted on each of the Defendants because Plaintiff offered her own affidavit (on which personal knowledge could not be based), not the affidavits of process servers who had engaged in the service attempts. ECF No. 41 *citing* ECF Nos. 35, 27, 38, 39. On October 26, 2025 the Court entered a Minute Order reiterating the requirement that Plaintiff file affidavits of the process servers. ECF No. 44. This came after Plaintiff refiled affidavits of the process servers that did not provide evidence of the service attempts Plaintiff claimed had occurred. ECF No. 42. To date, Plaintiff has not filed affidavits of process service that demonstrate multiple service attempts on Defendants.

Alternative methods of service must comport with due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Due process requires that a defendant in a civil action be given notice of the action that is reasonably calculated to apprise the defendant of the pendency of the action and afford the defendant an opportunity to present his or her objection. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The Court has considerable discretion when determining whether alternative service should be permitted. *Rio Properties, Inc.*, 284 F.3d at 1016. Service may be accomplished through any means "reasonably calculated to provide notice and an opportunity to respond." *Id*. at 1017.

The Court grants Plaintiff's Emergency Motion to the extent she seeks to withdraw her request to serve by certified mail, and regular U.S. Mail if certified mail is returned unclaimed.[1] ECF No. 59 at 1. Under the circumstances presented, service by email, the only other form of service Plaintiff sought in ECF No. 51, is insufficient to ensure notice and an opportunity to respond. Plaintiff does not demonstrate how she knows Defendants' email addresses are ones each actively uses or on what basis she possesses this knowledge. Thus, service by email is denied. With respect to Plaintiff's request to leave the Summonses and Complaint at a concierge desk (ECF No. 59 at 1), this too does not ensure each Defendant will be apprised of the pendency of this action. Thus, this request for service is denied.

Upon submission of more detailed affidavits, or declarations, from the process servers who Plaintiff says made multiple attempts to serve each Defendant, the Court will consider alternative service by publication. To serve by publication Plaintiff is directed to Fed. R. Civ. P. 4(e)(1), which incorporates the Nevada Rule of Civil Procedure for alternative service. Nevada Rule of Civil Procedure 4.4(b)(2) allows for service by alternative means so long as the party seeking permission to effect such service: "(A) provide[s] affidavits, declarations, or other evidence setting forth specific facts demonstrating: (i) the due diligence that was undertaken to locate and serve the defendant; and (ii) the defendant's known, or last-known, contact information, including the defendant's address,

---

[1] Also pending are Plaintiff's Motions for Leave to Serve Defendant David Salay by Alternative Means and for Leave to Serve Defendants Steven Bonomo, Mahsheed Parsons, and Dennis Kariger by Certified Mail. ECF Nos. 36, 40. These Motions seeks to serve Defendants by certified mail, which alternative service Plaintiff seeks to withdraw (ECF No. 59 at 1). Therefore, the Motions at ECF Nos. 36 and 40 are denied as moot.

phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant; and (B) state[s] the proposed alternative service method and why it comports with due process." Under Nev. R. Civ. P. 4.4(c)(2), which allows for service by publication, Plaintiff must (1) show that after significant efforts Plaintiff has been unable to locate and serve Defendants, (2) demonstrate Plaintiff knows of no reasonable avenues through which to locate a good address for the Defendants; (3) demonstrate publication is sought based on facts establishing the Defendants cannot be found as set forth in Plaintiff's request to the Court to serve by publication; (4) identify the places in which Plaintiff will seek to publish notice of service (such as the Las Vegas Review Journal, the Nevada Legal Press, and the Nevada Appeal); and (5) provide the language to be used in the publication. Further, Plaintiff must include the language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought, and identify one or more newspapers or other periodicals in which the summons will be published. Nev. R. Civ. P. 4.4(c)(4)(A).

In sum, the Court finds Plaintiff has not provided the information necessary to support an order permitting service by alternative means. With the filing of more detailed affidavits signed by the process servers, the Court will consider alternative service that comports with due process. Until Plaintiff provides this information, the Court will not grant leave for alternative service.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Serve Defendant David Salay by Alternative Means (ECF N. 36) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Serve Defendants Steven Bonomo, Mahsheed Parsons, and Dennis Kariger by Certified Mail Pursuant to Fed. R. Civ. P. 4(e)(1) (ECF No. 40) is DENIED as moot

IT IS FURTHER ORDERED that Plaintiff's Third Motion Requesting Leave to Serve by Alternative Means (ECF No. 51) is GRANTED in part and DENIED in part as stated above.

1    IT IS FURTHER ORDERED that Plaintiff's Emergency Motion to Modify Pending Third Motion for Alternative Service (ECF No. 59) is DENIED.

Dated this 12th day of November, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE