UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NICOLE BEVERLY SILVERBERG, | Case No. 2:25-cv-01314-APG-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| STEVEN BONOMO, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Disqualify Attorney Michale Edwards from all Representations (ECF No. 76). The Court finds Plaintiff's Motion is without merit at this juncture of the case.

**I.    Relevant Facts**

Plaintiff contends that Michael Edwards, who has appeared in this matter solely on behalf of Panorama Homeowner's Association (the "HOA"), must be disqualified under Nevada Rule of Professional Conduct 3.7 because he engaged in fact gathering and discussions during a May 22, 2025 phone call with Plaintiff. ECF No. 76. Plaintiff recounts the phone call on pages 2 and 3 of her Motion. *Id*. at 2-3. After confirming no one was recording the call, the parties discussed evidence that Mr. Edwards sought from Plaintiff relating to her claims, the review of that evidence, and submission of Plaintiff's claims to the HOA's insurer. *Id*. at 2. Plaintiff alleges Mr. Edwards issued "a partial denial of Plaintiff's damages claim on June 4, 2025." *Id*. Plaintiff says Mr. Edwards' knowledge is material, unique, and disputed. *Id*. at 3.

**II.   Discussion**

Attorney disqualification is a matter of state law. *In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000). Nevada Rule of Professional Conduct 3.7 provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
>> 1. The testimony relates to an uncontested issue;

> 2. The testimony relates to the nature and value of legal services rendered in the case; or
>
> 3. Disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

"A lawyer is likely to be a necessary witness when his or her testimony is relevant, material, and unobtainable elsewhere." *Ahern Rentals, Inc. v. Lexington Ins. Co.*, Case No. 2:09-cv-00679-LDG-RJJ, 2011 WL 13302279, at *1 (D. Nev. Mar. 3, 2011) (citation omitted).

In 2003, the Nevada Supreme Court explained that Nevada Rule of Professional Conduct 3.7 (previously SCR 178):

> is derived from, and virtually identical to, ABA Model Rule of Professional Conduct 3.7. The ABA Commission on Ethics and Professional Responsibility has interpreted the Model Rule to allow a lawyer who is expected to testify at trial to represent his client in pretrial proceedings, with consent, although the lawyer may not appear in any situation requiring the lawyer to argue his own veracity to a court or other body, whether in a hearing on a preliminary motion, an appeal or other proceeding. This interpretation preserves the right to counsel of one's own choice while protecting the integrity of the judicial proceeding.

*DiMartino v. Eighth Jud. Dist. Ct. ex rel. Cnty. of Clark*, 66 P.3d 945, 947 (Nev. 2003). This Rule "is meant to eliminate any confusion and prejudice that could result if an attorney appears before a jury as an advocate and as a witness[.]" *Id.* Further, in Nevada, "a lawyer who is likely to be a necessary witness may still represent a client in the pretrial stage." *Id*. at 946.

Moreover, motions to disqualify counsel are strongly disfavored and therefore granted when "absolutely necessary." *Switch Comm's Grp. v. Ballard*, Case No. 2:11-cv-00285-KJD-GWF, 2011 WL 3859725, at *2 (D. Nev. Aug. 31, 2011) (citation omitted). "Courts are especially vigilant that such motions not be misused for the purpose of harassment, delay, or other tactical advantage." *Russell Road Food & Beverage, LLC v. Galam*, Case No. 2:13-cv-00776-JCM-NJK, 2014 WL 3845424, at *1 (D. Nev. July 31, 2014). "Because of this potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (internal quotations and citations omitted). "Disqualification motions present courts with a delicate and sometimes difficult balancing

task.  Close cases are resolved in favor of disqualification." *Hernandez v. Guglielmo*, 796 F. Supp. 2d 1285, 1289-90 (D. Nev. 2011) (internal citation omitted).

"The burden of proof is on the moving party to present sufficient facts justifying disqualification." *Flynn v. Michael Love*, Case No. 3:19-cv-00239-MMD-CLB, 2020 WL 8373399, at *3 (D. Nev. July 31, 2020) (citation omitted).  Here, Plaintiff must show, "with specificity, that the attorney sought to be disqualified is a necessary witness." *Pasina v. California Cas. Indem. Exch.*, Case No. 2:08-cv-01199-RCJ-RJJ, 2010 WL 11579016, at *3 (D. Nev. Feb. 12, 2010). Blanket allegations that an attorney's testimony is relevant to a party's claim are insufficient. *Id.*

Plaintiff's allegations that Mr. Edwards spoke to her at length before this lawsuit was filed does not create a basis to disqualify him at this time.  The contents of the discussions, as recounted by Plaintiff, reflect ordinary fact gathering that does not demonstrate Mr. Edwards is a necessary witness.  ECF No. 76 at 2-3.  Indeed, facts that are not documented through other means (such as photographs and medical reports), are ones to which Plaintiff and other percipient witnesses can testify.  The contents of test results regarding the water, medical declarations, videos, and income documentation are all independently verifiable.  So too are the year in which the building was constructed and the documents provided to and subsequent denial of Plaintiff's claim submitted to the HOA's insurer.  *See Kelly v. CSE Safeguard Ins. Co.*, Case No. 2:08-cv-00088-KJD-RJJ, 2010 WL 3613872, at *2 (D. Nev. Sept. 8, 2010), (denying a motion to disqualify by an insurer claiming that counsel "orchestrated" the litigation and "set up" the insurer for the bad faith lawsuit).[1]

In sum, Plaintiff has not met her burden of demonstrating that Mr. Edwards' testimony at trial or any time before trial is necessary.  The Court is not convinced evidence Mr. Edwards has is unique to him or that his own veracity is at issue.  While the content of reports, photographs, videos, insurance documents, and other facts the parties discussed are likely material to the outcome of this case, Mr. Edwards' testimony regarding this information has not been shown to be necessary.  As

---

[1] The Court notes that under California law, which is not binding but cited solely as providing some guidance to the undersigned, holds: "discretion to disqualify a likely advocate-witness … has been judicially interpreted to be permissible only upon 'a convincing demonstration of detriment to the opponent or injury to the integrity of the judicial process.'" *Geringer v. Blue Rider Fin.*, 94 Cal. App. 5th 813, 822 (Cal. Ct. App. 2023) (quoting *Lyle v. Superior Court*, 122 Cal. App. 3d 470, 482 (Cal. Ct. App. 1981)).  Thus, the moving party has a heavy burden and a court may only disqualify counsel when it is "confronted with manifest interests which it must protect from palpable prejudice." *Lyle*, 122 Cal. App. At 482.

this case proceeds, if additional information is discovered or Panorama Towers lists Mr. Edwards as a witness, Plaintiff is not precluded from seeking disqualification again.

**III.   Order**

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Disqualify Attorney Michael Edwards from all Representations (ECF No. 76) is DENIED without prejudice.

Dated this 8th day of December, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

4