UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NICOLE BEVERLY SILVERBERG, | Case No. 2:25-cv-01314-APG-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| STEVEN BONOMO, et al., | |
| Defendants. | |

Pending before the Court is Specially Appearing Defendants Michael Stein and Panorama Towers Condominium Unit Owners' Association's Motion to Quash Service (ECF No. 49).[1] The Court reviewed the Motion (ECF No. 49), Plaintiff's Opposition (ECF No. 50), the Reply (ECF No. 57), Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 73), and briefing corresponding thereto. The Court finds as follows.

**I.  Discussion**

  a.  <u>Service as to Michael Stein</u>.

The Federal Rules of Civil Procedure provide that service on an individual defendant may be accomplished by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Defendant Michael Stein argues Plaintiff did not affect service by any of these means. ECF No. 49 at 2. The Court finds from the record before it, there are too many unanswered questions to quash service.

Stein attaches what Plaintiff originally filed as Proof of Service on Michael Stein. ECF No. 49-1 (refiling ECF No. 33). Therein, a note from the Process Server states:

---

[1] Hereinafter, "Panorama Towers."

1

> I delivered the documents to an individual who refused to give their name who identified themselves as the co-resident. The individual tried to refuse service by refusing to take the documents and did not state reason for refusal (documents left, seen by subject). The individual appeared to be a gray-haired white male contact over 65 years of age, 5'10"-6-0" tall and weighing 160-180 lbs.

ECF No. 49-1 at 3. Stein does not explain why the service described was ineffective. As stated above, the federal rules allow for service by "*leaving* a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B) (emphasis added). From the plain text of the Process Server's note, it appears the Summons and Complaint were left with a person of suitable age who resides at Michael Stein's dwelling. Since there are no further allegations, the Court denies the Motion without prejudice with respect to Michael Stein.

   b.  <u>Service as to Panorama Towers</u>.

Under the Federal Rules, a corporation in a judicial district of the United States may be served: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). The former authorizes service in accordance with state law. Fed. R. Civ. P. 4(e)(1).

On October 16, 2025, Plaintiff submitted a Summons Returned Executed on Panorama Towers via service upon the Nevada Secretary of State. ECF No. 34. However, the Court finds this service was ineffective under both Nevada Rule of Civil Procedure 4.2(c)(3) and NRS 14.030.

Panorama Towers offers a conclusory argument stating it was not properly served under the federal or state rules of civil procedure.[2] ECF No. 49 at 3. In response, Plaintiff argues service upon the Secretary of State was proper under Nevada law because Panorama Tower's agent resigned and the entity is in default. ECF No. 50 at 3. The applicable NRS provision provides when a corporation fails to appoint a registered agent, "Plaintiff must first file an affidavit 'setting forth the facts,

---

[2] To the extent Defendant raises new arguments in Reply, the Court declines to consider them as this practice denies the opposing party a meaningful opportunity to respond. *See, e.g.*, *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992); *Nationstar Mortg., LLC v. Williams*, Case No. 2:22-cv-05759-MCS-JPR, 2022 WL 17222268, at *2 n.1 (C.D. Cal. Sept. 21, 2022) (citing *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)); *Gile v. Dolgen Cal., LLC*, Case No. 5:20-cv-01863-MCS-SP, 2022 WL 649279, at *2 n.1 (C.D. Cal. Jan. 14, 2022) (same).
Because the Court declines to consider any new arguments, Plaintiff's Motion to File a Sur Reply is DENIED as moot.

2

showing that due diligence has been used to ascertain the whereabouts of the officers of the artificial person to be served, and the facts showing that direct or personal service on, or notice to, the artificial person cannot be had.'" *LG Cap. Funding, LLC v. Worthington Energy, Inc.*, Case No. 16-cv-6288-NGGST, 2018 WL 1370266, at *3 (E.D.N.Y. Feb. 20, 2018), *report and recommendation adopted*, Case No. 16-cv-6288-NGGST, 2018 WL 1368025 (E.D.N.Y. Mar. 16, 2018) (citing NRS 14.030(3)). After filing an affidavit with the Court, Plaintiff may serve the Secretary of State with: "(1) a certificate of Nevada's Secretary of State showing a failure to appoint a registered agent; (2) a payment of a $10 fee; and (3) a copy of the legal process service with a citation to the relevant statute." *Id*. (citing NRS 14.030(1)). Once a plaintiff has served the Secretary of State, "Plaintiff must also mail the documents to the last known address of the corporation or one of its officers, if known, by registered or certified mail." *Id*. (citing NRS 14.030(4)).

Plaintiff's service was not proper under NRS 14.030 because Plaintiff has not demonstrated compliance with the steps outlined above. Plaintiff has not filed an affidavit with the Court "setting forth the facts, showing that due diligence has been used to ascertain the whereabouts of the officers of the artificial person to be served, and the facts showing that direct or personal service on, or notice to, the artificial person cannot be had." NRS 14.030(3); *cf. LG Cap. Funding*, 2018 WL 1370266, at *4. Likewise, the Court finds service to be ineffective under NRCP 4.2(c)(3) because Plaintiff did not seek leave of court to serve the Nevada Secretary of State with an affidavit setting forth (1) good faith efforts to locate and serve the entity, (2) an explanation why service could not be made, and (3) the last known address of the entity. *See* NRCP 4.2 (c)(3)(A), *cf. Fisher v. TheVegasPackage.com, Inc.*, Case No. 2:19-cv-01613-JAD-VCF, 2019 WL 6828295, at *2 (D. Nev. Dec. 12, 2019). Based on these procedural deficiencies, the Court grants the Specially Appearing Defendant's Motion to Quash with respect to Panorama Towers.

Further, the Court finds Plaintiff has not provided a cogent argument as to why Panorama Towers lacks capacity to defend in this action. Plaintiff cites *Executive Management Ltd. v. Ticor Title Insurance Co.*, 114 Nev. 823, 835 (1998) for the proposition that the Nevada Supreme Court held a corporation in default "lacks standing to defend or prosecute actions until reinstated." ECF No. 50 at 4. Neither the quote, nor anything related to standing or defaulting corporations appears

3

in the opinion.  Plaintiff additionally cites *Chi v. Nevada Employment Security Division*, 2020 WL 708272 (D. Nev. Feb. 12, 2020), to suggest the District of Nevada has stricken filings made by a corporation with a forfeited charter.  ECF No. 50 at 4.  The undersigned finds no case with the title "Chi v. Nevada Employment Security Division" and the Westlaw citation belongs to a West Virginia State Legislature Bill.  *See* 2020 West Virginia House Bill No. 4860, West Virginia Eighty-Fourth Legislature - Regular Session, 2020 (appearing upon a search for "2020 WL 708272").  Plaintiff is cautioned that misrepresented citations, even if not intentional, will not be tolerated by the Court.  To the extent these errors are the result of Plaintiff's misuse of Artificial Intelligence, future errors will result in sanctions including, potentially, case terminating sanctions.  *See Saxena v. Martinez-Hernandez*, Case No. 2:22-cv-02126-CDS-BNW, 2025 WL 522234, at **4-5 (D. Nev. Feb. 18, 2025), *reconsideration denied*, Case No. 2:22-cv-02126-CDS-BNW, 2025 WL 1194003 (D. Nev. Apr. 23, 2025), and *reconsideration denied*, Case No. 2:22-cv-02126-CDS-BNW, 2025 WL 1411887 (D. Nev. May 14, 2025), and *appeal dismissed*, Case No. 25-3390, 2025 WL 2466686 (9th Cir. July 30, 2025).

**II.    Order**

Accordingly, IT IS HEREBY ORDERED that the Specially Appearing Defendants Michael Stein and Panorama Towers Condominium Unit Owners' Association's Motion to Quash Service (ECF No. 49) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that with respect to Michael Stein, the Motion is DENIED without prejudice.

IT IS FURTHER ORDERED that Michael Stein must file a response to Plaintiff's Complaint or another Motion to Quash, setting forth specific facts and arguments in support thereof, no later than **January 20, 2026**.

IT IS FURTHER ORDERED that the Motion to Quash as applicable to Panorama Towers is GRANTED; provided, however, that Plaintiff is not precluded from demonstrating compliance with Nevada law such that service on the Secretary of State may be proper in the future.  Plaintiff is reminded to act promptly such that service is timely.

      IT IS FURHTER ORDERED that Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 73) is DENIED as moot.

    Dated this 30th day of December, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE