UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NICOLE BEVERLY SILVERBERG,

Plaintiff,

v.

STEVEN BONOMO, et al.,

Defendants.

Case No. 2: 25-cv-01314-APG-EJY

**ORDER**

Pending before the Court are Plaintiff's (1) Renewed Motion for Leave to Serve by Email, or Alternatively, by Publication (effectively, ECF No. 63), and (2) Renewed Motion to Proceed *in forma pauperis* ("IFP"), which requests service of process by the U.S. Marshal Service (ECF No. 103).

**I.    Background**

Service of process has not been simple in this case.  At the outset, Plaintiff moved for a temporary restraining order and preliminary injunction against all Defendants, noting she had not noticed any Defendant of the pending motions or lawsuit.  ECF Nos. 8 and 9.  On July 28, 2025 Judge Gordon declined to adjudicate Plaintiff's motions without notice to Defendants and required service to include the Summons, Complaint, Motions for Injunctive Relief, and a copy of his Order.  ECF No. 10.  Since then, only one of the seven named Defendants has appeared.  ECF No. 64.

On September 29, 2025, the Court extended the deadline for Plaintiff to effect service of process to November 14, 2025.  ECF No. 29.  Thereafter, Plaintiff filed a motion seeking leave to proceed *in forma pauperis* ("IFP") for purposes of obtaining service of process by the U.S. Marshal.  ECF No. 30.  The Court denied Plaintiff's motion without prejudice finding the IFP application to be moot because Plaintiff paid the filing fee and failed to explain how she maintained high expenses with no income.  ECF No. 31.

Next, Plaintiff filed two motions seeking leave to serve David Salav, Steven Bonomo, Mahsheed Parsons, and Dennis Kariger by alternative means.  ECF Nos. 36, 40.  The Court ordered

1

Plaintiff to file affidavits of service by each process server before her motions would be considered. ECF No. 41. Plaintiff then sought to modify her motion for alternative service, changing the proposed method of alternative service from mail to leaving copies of the summons with the concierge desk at the place the defendants allegedly conducted business. ECF No. 59. The Court denied the request to modify, and further denied Plaintiff's underlying motions for alternative service as moot because Plaintiff had not filed affidavits by process servers demonstrating multiple service attempts, but instead offered her own declarations. ECF No. 62.

On October 31, 2025, Defendants Michael Stein and Panorama Towers filed a Motion to Quash Service. ECF No. 49. The Court quashed service on Panorama Towers finding Plaintiff had not followed the required procedure for service on the Nevada Secretary of State. ECF No. 94 at 2-3. The Court denied Mr. Stein's request to quash finding the affidavit submitted included sufficient facts to demonstrate service on a suitable adult occurred. *Id*. at 1-2.

In Plaintiff's Renewed Motion for leave to serve by email or by publication Plaintiff provides declarations by process servers detailing multiple attempts to serve Defendants Salav, Bonomo, Parsons, and Kariger. ECF Nos. 63-2, 63-3, 63-4, 63-5. Plaintiff's Renewed Motion to Proceed *in forma pauperis*, asks the Court to grant her IFP status and order the U.S. Marshal Service to serve the unserved defendants. ECF No. 103.

**II.    Discussion**

  a. <u>The Court Denies Plaintiff's Request for IFP Status and Service of Process by the U.S. Marshal</u>.

Under the Federal Rules of Civil Procedure the Court is obligated to order service be made by a United States Marshal or Deputy Marshal when Plaintiff is "authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or a seaman under 28 U.S.C. § 1916." Fed. R. Civ. Pro. 4(c)(3). When a plaintiff is neither, the Court may authorize service by the U.S. Marshal in an exercise of discretion that "should be exercised in favor of appointment when a law enforcement presence appears necessary or advisable to keep the peace." *Keegan v. United States*, 2025 WL 904451, at *1 (W.D. Wash. Mar. 25, 2025) (quoting *Volpe v. JP Morgan Chase Bank*, 2022 WL 3643754, at *1 (C.D. Cal. June 21, 2022)). If Plaintiff demonstrates service by traditional or alternative means

has proven unfeasible, then the Court may order service by the U.S. Marshal. *Estrada v. Alvarado*, No. CV-25-01287-PHX-DJH, 2025 WL 1157761, at \*1 (D. Ariz. Apr. 21, 2025) (citing 4A Fed. Prac. & Proc. Civ. § 1090 (4th ed.)).

As the Court stated in its October 1, 2025 Order, Plaintiff is not a seaman and her application for IFP status was moot because she already paid the filing fee. ECF No. 31. In her instant Motion, Plaintiff does not argue a law enforcement presence is needed to effect service, nor that service by alternative means is unfeasible. *See* ECF No. 103. Indeed, the Court finds Plaintiff has identified a new resident agent for Panorama Towers on whom service can be accomplished, which service is ordered below. Further, Plaintiff is granted leave to serve the individual Defendants through alternative means.

      b.     <u>The Court Grants Alternative Service as to the Four Individual Defendants</u>.

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, the Constitution only requires that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.

Under Fed. R. Civ. P. 4(e)(1), the Court looks to Nevada's Rules of Civil Procedure for the rules guiding alternative service. Nevada Rule of Civil Procedure 4.4(b)(2) permits service by alternative means so long as the party seeking to effect such service: "(A) provide[s] affidavits, declarations, or other evidence setting forth specific facts demonstrating: (i) the due diligence that was undertaken to locate and serve the defendant; and (ii) the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant; and (B) state[s] the proposed alternative service method and why it comports with due process."

Publication is one option for alternative service. Nev. R. Civ. P. 4.4(c). Service by publication is proper when the defendant "cannot, after due diligence, be found [or] by concealment seeks to avoid service of the summons and complaint." Nev. R. Civ. P. 4.4(c)(1)(A), (B). When service by publication is permitted, the law requires (1) additional methods of service to supplement

publication (Nev. R. Civ. P. 4.4(d)), and (2) a copy of the summons, complaint, and the Court's order authorizing alternative service be mailed to the defendant's last known address. Nev. R. Civ. P. 4.4(b)(3). Supplemental methods of service may include, among others, "telephone, voice message, email, social media, or any other method of communication." Nev. R. Civ. P. 4.4(d)(1).

The Court finds Plaintiff has demonstrated due diligence in her attempts to locate and serve Defendants Salav, Bonomo, Parsons, and Kariger. The submitted affidavits reflect numerous attempts to serve each Defendant on different days of the week and at different times. ECF Nos. 63-2, 63-3, 63-4, 63-5. Thus, the Court allows service by publication on each of these individuals so long as Plaintiff complies with all of her obligations under the law.

First, Plaintiff must suggest a method of publication that is "reasonably calculated, under all the circumstances" to give notice to defendant. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also BP Prod. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 272 (E.D. Va. 2006) ("Federal courts have recognized the validity of service by publication where other means have failed."). To this end, Plaintiff must (1) "provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements" and (2) "suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings." Nev. R. Civ. P. 4.4(c)(2)(C), (D).

Given the information provided, the Court finds publication in the Las Vegas Review Journal and the Nevada Appeal for Defendants Bonomo, Parsons, and Kariger as well as publication in Newsday for Defendant Salav, are likely to notify the four remaining individual Defendants of this action. Publication in each of these publications for the applicable individual Defendants must occur once a week for a period of four consecutive weeks after which service of process will be deemed effected. However, publication may not commence until Plaintiff provides the language she intends to use, which must comply with the requirements of 4.4(c)(2)(C) and (4), and such language is approved by the Court. The Court notes that Plaintiff's currently proposed language for service by publication (ECF No. 63-15) is deficient as it does not provide for the name of the case or federal case number. *Esurance Prop. and Cas. Ins. Co. v. Reed*, Case No. 2:25-CV-00698-GMN-DJA, 2025

WL 2998559, at *2 (D. Nev. Sept. 19, 2025).  Plaintiff must refile the proposed the language for service by publication, with the proposed summons, as intended for the four individual Defendants.

Because when serving by publication a plaintiff must also provide notice to a defendant by mail, Plaintiff must send by First Class U.S. Mail a copy of the (1) Summons, (2) Complaint, (3) Motions for Injunctive Relief (ECF Nos. 8 and 9), (4) Judge Gordon's Order (ECF No. 12), and (5) this Order to each individual Defendant's last known address.  In addition, Plaintiff, who has communicated with each Defendant through email, must send to each such Defendant at his respective electronic mail addresses a copy of the (1) Summons, (2) Complaint, (3) the Motions for Injunctive Relief (ECF Nos. 8 and 9), (4) Judge Gordon's Order (ECF No. 12), and (5) this Order.

Finally, the Court grants Plaintiff one last extension of time to effect alternative service on Salav, Bonomo, Parsons, and Kariger.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Renewed Motion for Leave to Serve by Email or Alternatively Publication (ECF No. 63) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff must, no later than **January 30, 2026**, file a proposed order (no motion is required) in which she states the exact proposed language she intends to use in service by publication on David Salav, Steven Bonomo, Mahsheed Parsons, and Dennis Kariger.  That language must comply with all requirements established by Nev. R. Civ. P. RCP 4.4(c)(2)(C) and (4).

IT IS FURTHER ORDERED that upon the Court entering an Order adopting the language to be used in service by publication, Plaintiff must run the same language on four consecutive weeks as follows:

- For David Salav, in Long Island's largest newspaper, Newsday; and
- For Steven Bonomo, Mahsheed Parsons, and Dennis Kariger in the Las Vegas Review Journal and Nevada Appeal.

IT IS FURTHER ORDERED that Plaintiff must complete service by publication on David Salav, Steven Bonomo, Mahsheed Parsons, and Dennis Kariger by electronic mail no later than **March 20, 2026**.

IT IS FURTHER ORDERED that Plaintiff must serve each individual Defendant at his last known address by First Class U.S. Mail no later than **February 16, 2026**.  Specifically:

- David Salav is to be served by mail at 14 Deer Meadow Run, Brookhaven, NY 11719;
- Steven Bonomo is to be served at 4575 Dean Martin Drive, Unit 2407, Las Vegas, NV 89103;
- Mahsheed Parsons is to be served at 4525 Dean Martin Drive, Unit 3000, Las Vegas, NV 89103; and,
- Dennis Kariger is to be served at 4575 Dean Martin Drive, Unit 2207, Las Vegas, NV 89103**.**

IT IS FURTHER ORDERED that Plaintiff must serve each individual Defendant by email, to the extent email addresses are available, no later than **February 16, 2026**.  Email service must include the (1) Summons, (2) Complaint, (3) the Motions for Injunctive Relief (ECF Nos. 8 and 9), (4) Judge Gordon's Order (ECF No. 12), and (5) this Order.

IT IS FURTHER ORDERED that Plaintiff must serve Panorama Towers at the address of its Registered Agent no later than **February 16, 2026**.

iIT IS FURTHER ORDERED that Plaintiff must file a notice of compliance with service no later than seven (7) days after she serves by U.S. Mail, electronic mail, and completes service by publication.

IT IS FURTHER ORDERED that Plaintiff's Renewed Motion to Proceed *in forma pauperis* (limited purpose) and Request for U.S. Marshal Service (ECF No. 103) is DENIED.  The cost of service is to be borne by Plaintiff.

Dated this 20th day of January, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE