# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NICOLE B. SILVERBERG, | Case No.: 2:25-cv-01314-APG-EJY |
| Plaintiff | **Order (1) Denying Silverberg's Motions for Injunctive Relief and (2) Denying Silverberg's Preemptive Opposition to an Anticipated Motion to Expunge Lis Pendens** |
| v. | |
| STEVEN BONOMO, et al., | |
| Defendants | [ECF Nos. 8, 9, 27, 52] |

Nicole Silverberg moves for a temporary restraining order and preliminary injunction regarding a condominium unit (unit 1507) at Panorama Towers she rented from defendant Steven Bonomo. In her motions, Silverberg states that she had not provided the defendants with notice "due to the immediate and irreparable harm posed by ongoing sales, harassment, and surveillance," and notice "would enable further concealment, sales, or retaliatory acts, defeating the purpose of emergency relief." ECF Nos. 8 at 2; 9 at 2. I "decline[d] to address Silverberg's motion without notice to the defendants" and ordered her "to serve the defendants with the summons, complaint, motions for injunctive relief, and a copy of this order in compliance with Federal Rule of Civil Procedure 4." ECF No. 12 at 1. Silverberg still has not served several defendants, including Bonomo.

Silverberg filed a second motion for a preliminary injunction, this time requesting: (1) to temporarily restore unit 1507 to her possession for 30 days and enjoin any sale, lease, or transfer of the unit during that time; (2) that she be provided bottled water and a shower filter during her possession of unit 1507; and (3) that all Silverberg's personal property in unit 1507 be preserved.

ECF No. 27 at 9.[1]  Defendant Panorama Towers Condominium Unit Owners' Association (CUOA) opposes Silverberg's motions for injunctive relief. ECF No. 117.  Silverberg also filed a preemptive opposition to an anticipated motion from the defendants to expunge a lis pendens and moved to waive any bond requirement under Nevada Revised Statutes (NRS) § 14.015(6). ECF No. 52.

I deny Silverberg's motions for injunctive relief without prejudice.  I also deny her preemptive opposition to expunging the lis pendens and motion for a bond waiver because it is not ripe.

# I.  ANALYSIS

## A.  I deny Silverberg's motions for injunctive relief without prejudice.

Silverberg voluntarily withdrew her initial motions for a temporary restraining order and preliminary injunction based on her representations in her later-filed motion for a preliminary injunction.  In her reply brief in support of her injunctive relief motions, Silverberg states that her "operative request is the narrow, unit-specific, time-limited relief set forth in ECF No. 27" and that she "withdraws and abandons any request that could be construed as seeking market-wide restraints." ECF No. 123 at 4.  Her reply seeks only the relief listed in her later-filed preliminary injunction motion, as opposed to the relief she sought in her first-filed injunctive relief motions.[2]

---

[1] Silverberg's motion contains hallucinogenic citations to non-existent cases.  To the extent Silverberg has relied on artificial intelligence to write her papers, I caution her that it is her responsibility to check her case citations to ensure they are accurate and say what she claims they do.  The failure to do so may expose her to sanctions under Federal Rule of Civil Procedure 11.

[2] The relief Silverberg lists in her reply is slightly different from what she requested in her motion. *Compare* ECF No. 27 at 9 (specifying a time-limited possession of unit 1507 for 30 days and seeking bottled water and a shower filter), *with* ECF No. 123 at 4-5 (seeking "supervised access" to unit 1507 and "independent water testing under a neutral, court-supervised protocol"). Silverberg should put all her requested relief in the motion and avoid requesting additional relief in a reply to ensure the defendants have an opportunity to respond.

*Compare id.* at 4-5, *with* ECF Nos. 8 at 1-2; 9 at 1-2.[3]  In the argument section of her reply, Silverberg does not address her requests to prevent the defendants from harassing her, contacting her, or tracking her, and she "requests that the Court grant ECF No. 27 and enter narrowly tailored, unit-specific relief preserving Unit 1507." *See* ECF No. 123 at 6-9.  Thus, Silverberg has voluntarily withdrawn her initial motions for injunctive relief, so I deny them.

I also deny Silverberg's operative preliminary injunction motion because Bonomo has not been served in this case, and all of the relief Silverberg requests is exclusively within Bonomo's control.  I may issue a preliminary injunction "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).  Bonomo is the landlord of unit 1507, and Silverberg's "relief requested is directed solely to Unit 1507." ECF No. 123 at 4; *see* ECF Nos. 27-7; 27-8 (eviction notices identifying Bonomo as the landlord of unit 1507).  Bonomo has not noticed his appearance in this case and none of the defendants who have can effectuate Silverberg's requested relief.  I therefore deny Silverberg's motion for a preliminary injunction without prejudice against Silverberg refiling it once Bonomo has been served.

**B.  I deny Silverberg's preemptive opposition to expunging the lis pendens because it is not ripe.**

Silverberg states that I "should anticipate that Defendants—particularly Defendant Bonomo and the Panorama Towers entities—will soon file a motion to expunge the lis pendens to restore marketability." ECF No. 52 at 2.  That was in November 2025, and the defendants have not filed such a motion to date.  Additionally, Silverberg files her preemptive opposition

---

[3] In her first motions for injunctive relief, Silverberg sought to (1) restrict the sale or marketing of all residential units in Panorama Towers; (2) prevent any harassment, surveillance, or threats towards her; (3) prevent defendants from contacting her; and (4) stop defendants from using any tracking devices on Silverberg or her pets. ECF Nos. 8 at 1-2; 9 at 1-2.

under Rule 7(b), "Local Rule 7.1," and NRS § 14.015, but none of these permits filing preemptive oppositions. ECF No. 52 at 1.  Rule 7(b) addresses motions, but the defendants have not yet requested I expunge the lis pendens.  Local Rule 7-1 addresses stipulations and thus is irrelevant to Silverberg's filing.  And NRS § 14.015(6) permits the defendants to post a bond if the court allows it.[4]  The defendants have not requested a bond so there is no need to argue for a waiver at this point.  For these reasons, I deny Silverberg's preemptive motion without prejudice because it is not ripe.

## II.  CONCLUSION

I THEREFORE ORDER that Silverberg's motions for a temporary restraining order **(ECF No. 8)** and a preliminary injunction **(ECF No. 9) are DENIED.**

I FURTHER ORDER that Silverberg's motion for a preliminary injunction **(ECF No. 27) is DENIED.**

I FURTHER ORDER that Silverberg's preemptive opposition to an anticipated motion to expunge lis pendens and motion for a bond waiver **(ECF No. 52) is DENIED.**

DATED this 6th day of March, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] NRS § 14.015(6) states that "the party opposing the notice may request the court to determine whether a bond in an amount to be determined by the court would provide adequate security for any damages which the party who recorded the notice might incur if the notice were so cancelled and the party opposing the notice did not prevail in the action.  If the court determines that a bond would provide adequate security, the party opposing the notice may post a bond or other security in the amount determined by the court.  The court shall then order the cancellation of the notice of pendency and shall order the party opposing the notice to record with the recorder of each county in which the notice was recorded a copy of the order of cancellation."