UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NICOLE BEVERLY SILVERBERG,

Plaintiff,

v.

STEVEN BONOMO, et al.,

Defendants.

Case No. 2:25-cv-01314-APG-EJY

**ORDER**
**and**
**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff's Fourth Motion for Leave to File First Amended Complaint (the "Motion" or "Motion to Amend").[1]  ECF No. 98.  The Court reviewed the Motion, the specially appearing Defendants' Response (ECF No. 105), which FirstService Residential joined (ECF No. 109), and Plaintiff's Reply (ECF No. 106).  Also pending are two motions related to the deadlines surrounding the responses to pending motions.  These include: (1) Defendant Steven Bonomo's Motion to Extend Time to Respond to Plaintiff's Complaint (ECF No. 141), which the Court considered along with Plaintiff's Response (ECF No. 145) and Bonomo's Reply (ECF No. 148); and (2) Plaintiff's Motion to Extend Time to Respond to Defendants Salav, Parsons, and Kariger's Motion to Dismiss Pending Ruling on Plaintiff's Motion for Leave to Amend (ECF No. 146), which the Court considered along with Defendants Kariger, Parsons, and Salav's Response (ECF No. 150) and Plaintiff's Reply (ECF No. 151).  The Court finds as follows.

**I.     Background**

Plaintiff commenced this lawsuit by filing a Complaint on July 18, 2025. ECF No. 1.  Months later, Plaintiff filed a flurry of motions and withdrawals related to the filing of an amended complaint. More specifically, on November 12, 2025, Plaintiff first moved to file what should be termed the first amended complaint that she withdrew one week later on November 20.  ECF Nos. 61-1, 66. The "Notice of Withdrawal" attached what Plaintiff properly titled her proposed Second Amended

---

[1]     As discussed below, this is actually Plaintiff's proposed fourth amended complaint.  *See* ECF Nos. 1, 61-1, 66-1, 69-1, 98-1.

1

Complaint.  ECF No. 66-1.  Then, on November 23, 2025, Plaintiff filed a Motion for Leave to File what should have been titled her proposed third amended complaint.  ECF No. 69, 69-1.  This Motion was denied without prejudice the following day because the proposed third amended complaint, with attachments, was 306 pages long thus failing to comply with Fed. R. Civ. Pro. 8(a).  ECF No. 70.  The Court granted Plaintiff leave to refile her proposed third amended complaint that was not to exceed 50 pages with no more than 25 of those pages attached as exhibits.  *Id*. at 2.  One day later, on November 25, 2025, Plaintiff filed her second attempt at a third amended complaint together with a Motion for Leave to do so.  ECF No. 71, 71-1.  Quickly thereafter, Plaintiff withdrew this filing.  ECF No. 77.

Plaintiff's instant and pending Fourth Motion for Leave to File an Amended Complaint—more properly titled her proposed fourth amended complaint (the "Proposed FAC")—was filed on January 5, 2026.  ECF No. 98.  But this is actually Plaintiff's sixth time filing a complaint with the Court and her fifth attempt at amendment.  ECF Nos. 1, 61-1, 66-1, 69-1, 71-1, 98-1.

Plaintiff avers that leave to amend should be granted because the Proposed FAC "streamlines and clarifies the pleading, removes immaterial matter, and presents the same operative facts in a court-manageable format, with no exhibits attached and is under 50 pages."  ECF No. 98 at 2.  In conclusory fashion Plaintiff states she has been diligent in her efforts to amend and that Defendants will not be unduly prejudiced by the amended complaint because it clarifies her claims.  *Id*.

Plaintiff says that the Proposed FAC is a "comprehensive rewrite and reorganization" from her original Complaint.  ECF No. 98 at 2.  However, in actuality, the Proposed FAC adds three new defendants and replaces three state law claims with three new federal and six state law claims.  *Compare* ECF No. 1 *with* ECF No. 98.  While the gravamen of Plaintiff's allegations remains the same, the narrative has shifted.  Plaintiff's original Complaint focused on alleged deterioration of her skin because of a supposed MRSA infection she claims to have contracted from the contaminated water in her apartment.  ECF No. 1 at 6.  The Proposed FAC makes no mention of MRSA, Plaintiff's skin, or any other physical injury caused by the alleged contaminated water.  ECF No. 98-1 at 5-6.  Plaintiff reframes the relief sought from compensatory damages for her personal injury caused by

an alleged MRSA infection to allegations of harm associated with her eviction. *Compare* ECF No. 1 at 27 *with* ECF No. 98-1 at 19.

Plaintiff's Proposed FAC further alleges that around 7:30 a.m. on May 21, 2025, Bonomo (her landlord) and an unnamed Las Vegas Metropolitan Police Department ("LVMPD") officer entered her apartment directing her to leave so they could effect a lock out. ECF No. 98-1 at 8-9. During this encounter, Plaintiff says the "LVMPD Officer used his personal cellular telephone to call Plaintiff's phone to hasten her exit." *Id*. Plaintiff fails to allege facts demonstrating why an officer, who was physically present, would use his personal phone to call her or how that call would "hasten" her departure from the apartment or the eviction process. Further, casting doubt on the officer's use of his personal phone, Plaintiff contends that on some unidentified date she "confronted" the officer through a text message and received a response stating: "Sorry you have the wrong number." *Id*. at 9.

In the Proposed FAC, Plaintiff next alleges that on June 27, 2025, about one month after her eviction, Michael Edwards, an attorney and proposed new defendant, sent her a cease-and-desist letter. *Id*. In the letter Mr. Edwards is said to have accused Plaintiff of extortion and other misconduct related to her reported concerns over water safety. *Id*. Finally, Plaintiff avers that at some unidentified point in time, Hanover Insurance Group ("Hanover"), another new defendant, "adopted and republished the accusation narrative" about Plaintiff when communicating with the Nevada Department of Insurance ("NDI"). *Id*.

In their Response to Plaintiff's Motion to Amend (ECF No. 105), Edwards and Hanover argue Plaintiff has engaged in bad faith and vexatious litigation practices.[2] ECF No. 105 at 2-3. These Defendants submit Plaintiff's Proposed FAC is futile because she "pleads only conclusory allegations and regurgitates essential elements." *Id*. at 3. Plaintiff replies that Edwards and Hanover misrepresent the contents of her Proposed FAC and offer arguments unrelated to the bounds of a Rule 15 analysis. ECF No. 106 at 2-3. Plaintiff submits Defendants will experience no undue prejudice if she is allowed to proceed on her Proposed FAC because discovery has been stayed in this matter. *Id*.

---

[2] FirstService joined this Response. ECF No. 109.

## II.      Discussion

### A.      The Court Recommends Leave to Amend be Denied.

The Court has broad discretion to grant leave to amend and may freely do so "when justice so requires." Fed. R. Civ. P. 15(a)(2). Denial of a leave to amend may be justified if the proposed amendment will cause undue delay, undue prejudice to the opposing party, a request to amend is made in bad faith, a party has repeatedly failed to cure deficiencies, or the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 533 (9th Cir. 2008). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citations omitted).

"While a court construes *pro se* pleadings more 'leniently,' the court cannot salvage claims that are fatally deficient." *Leon v. Hayward Bldg. Dep't*, Case No. 17-CV-02720-LB, 2018 WL 1142112, at *3 (N.D. Cal. Mar. 2, 2018). And even with *pro se* litigants, courts still hold plaintiffs to the rule that "[w]here the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." *E.g. Omni Innovations, LLC v. BMG Columbia House, Inc.*, Case No. C06-1350-JCC, 2009 WL 10677406, at *2 (W.D. Wash. Dec. 18, 2009) (quoting *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 878–79 (9th Cir. 2000)); *Mwasi v. Blanchard*, Case No. 1:22-cv-00488-ADA-EPG (PC), 2022 WL 4084177, at *9 (E.D. Cal. Sept. 6, 2022), *report and recommendation adopted*, Case No. 1:22-cv-00488-ADA-EPG (PC), 2023 WL 3794489 (E.D. Cal. June 2, 2023) (same).

Here, as explained above, this is Plaintiff's fifth time seeking to amend her complaint and sixth time filing a complaint. ECF Nos. 1, 61-1, 66-1, 69-1, 71-1, 98-1. That Plaintiff chose to withdraw prior attempts to amend (ECF Nos. 66, 68, 77) does not alter this fact. There is also no dispute that Plaintiff's proposed claims against the unnamed LVMPD Officer and Edwards are based on facts she knew when filing her original Complaint. The Proposed FAC identifies that the lockout, for which the unnamed LVMPD Officer was present, occurred on May 21, 2025, and the cease-and-desist letter from Edwards was received on or around June 27, 2025—both predating Plaintiff's

original Complaint filed on July 18, 2025. *Compare* ECF No. 98-1 at 8-9 *with* ECF No. 1. And while Plaintiff does not identify when Hanover used "an accusation narrative" in a communication to the NDI, she has not offered a shred of evidence demonstrating the communication is a newly discovered fact. ECF No. 106 at 3. Instead, Plaintiff contends Rule 15 does not require amendment to be based on newly discovered facts or evidence. *Id*. Although there is no stated requirement in Rule 15 regarding newly discovered facts, case law makes clear that this is properly considered by the Court and may serve as grounds to deny leave to amend. *De Saracho*, 206 F.3d at 878. Moreover, Plaintiff's repeated amendments aside, the Court finds that Plaintiff's Proposed FAC does not plausibly state a basis for federal question jurisdiction.[3]

> 1.    *Plaintiff Does Not State a Fourth or Fourteenth Amendment Claim Against the Private Party Defendants or the Unidentified LVMPD Officer.*

Plaintiff attempts to state violations of the Fourth and Fourteenth Amendments, under 42 U.S.C. § 1983, arising from her eviction. Plaintiff names Bonomo, the Panorama Towers Condominium Unit Owners' Association ("CUOA"), FirstService, and the unidentified LVMPD officer as defendants. To state a cause of action against an individual or entity under 42 U.S.C. § 1983, Plaintiff must show "(1) that the conduct complained of was committed by a person acting under the color of state law; and (2) that this conduct deprived them of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-40 (9th Cir. 2012). A defendant acts under the color of state law if he or it "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins,* 487 U.S. 42, 49, n.2, (1988) (citation omitted); *see also Tsao*, 698 F.3d at 1140. Absent rare circumstances, private parties do not act under the color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (citation omitted).

---

[3] The Court does not discuss diversity jurisdiction because Plaintiff and at least the Panorama Towers Condominium Unit Owners' Association; FirstService Residential, Nevada, LLC; Steven Bonomo; Mahsheed Parsons; and Michael M. Edwards are all citizens of Nevada. ECF Nos. 1 at 3; 98-1 at 4-6.

(a)     Plaintiff's allegations are insufficient to establish the private parties acted under the color of state law.

Generally, "[a] single request for the police to perform their peace-keeping functions may not be sufficient to make a landlord a 'joint actor' with the state for Section 1983 purposes." *Howerton v. Gabica*, 708 F.2d 380, 385 (9th Cir. 1983) (citations omitted).  However, "where landlords and police engaged in sustained, joint efforts to evict tenants, with police on the scene at each step of the eviction, intervening at every step, making recommendations to the landlord, making an unsolicited visit, and creating an appearance that the police sanctioned the eviction, the *landlords* proceeded under color of state law." *McKelry v. Day*, Case No. 2:23-cv-10296-MWF-JDE, 2024 WL 201773, at *4 (C.D. Cal. Jan. 2, 2024), *report and recommendation adopted,* Case No. 2:23-cv-10296-MWF-JDE, 2024 WL 199518 (C.D. Cal. Jan. 18, 2024) (internal quotation marks omitted) (cleaned up) (emphasis added) (citing *Howerton*, 708 F.2d at 385).

Here, Plaintiff offers a single bald assertion that private parties Bonomo, CUOA, and FirstService "acted jointly" with the LVMPD officer to remove her from her apartment.  ECF No. 98-1 at 11.  However, the facts show there was a single act of police presence on a single day, May 21, 2025.  ECF No. 98-1 at 8.  Even if the Court accepts this allegation as true, the alleged presence of law enforcement on one day is a far cry from the private-police entanglement required to transform a private party defendant into a state actor.  *Howerton,* 708 F.2d at 385; *see also Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900 (9th Cir. 2008) (citing *DeGrassi v. City of Glendora,* 207 F.3d 636, 647 (9th Cir. 2000)).  There are no "intervening steps" identified by Plaintiff coupled with the alleged single unsolicited visit, and no allegations of recommendation by the officer to Bonomo.  ECF No. 98-1 at 8-9.  Even liberally construed, Plaintiff's sixth attempt to state her claims fails to plead facts sufficient to plausibly support that the private parties acted under the color of state law.  *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) ("The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.") (internal quotation marks and citations omitted).  Plaintiff's allegations do not get her "across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

(b)    Plaintiff does not state a constitutional claim against the unnamed LVMPD Officer.

The unnamed LVMPD officer, presumably acting under the color of state law, did not deprive Plaintiff of her leasehold or personal property without due process of the law. *Meyers*, 400 F.3d at 771. "A person subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007). To this end, an officer is not liable merely for being present at the scene, but must be an integral participant in the alleged constitutional violation—meaning the officer had some fundamental involvement in the unlawful conduct. *Isgar v. City of Bakersfield*, Case No. 1:18-CV-0433 AWI JLT, 2018 WL 4944871, at *7 (E.D. Cal. Oct. 11, 2018) (citations omitted). No constitutional claim lies against an officer "so long as he or she does not affirmatively intervene to aid the eviction in such a way that the eviction would not have occurred without the officer's help." *Fournier v. Cuddeford*, Case No. 3:11-CV-00343-AC, 2012 WL 5921142, at 86 (D. Or. Nov. 26, 2012), aff'd, 573 Fed.Appx. 641 (9th Cir. 2014) (cleaned up) (citing *Meyer*, 400 F.3d at 771).

Here, Plaintiff pleads only that the officer was present in her apartment at the time of eviction and called her on his personal phone to "hasten" her eviction. ECF No. 98-1 at 10-11. Accepting for purposes of considering the Proposed FAC that this allegation is true, Plaintiff fails to allege facts sufficient to demonstrate the officer's conduct violated a constitutionally protected right. Plaintiff does not allege that the LVMPD officer removed her from the property, arrested her, used force against her, changed the locks, or seized her property. *McKelry*, 2024 WL 201773 at *6. Nor does Plaintiff allege that the LVMPD officer made any statement as to the legality of the eviction. *Cf. Ho v. City of Long Beach, Pub. Works*, Case No. 2:19-cv-09430-DOC-KES, 2022 WL 17682677, at *25 (C.D. Cal. Oct. 24, 2022), *report and recommendation adopted sub nom.* Case No. 2:19-cv-09430-DOC-KES, 2022 WL 17670401 (C.D. Cal. Dec. 13, 2022). Instead, the only conduct Plaintiff can point to that potentially exceeds mere presence at the scene is the alleged phone call. ECF No. 98-1 at 10-11. At best, Plaintiff is alleging the phone call sped up a lockout in present time that fails to

demonstrate the lockout would not have occurred without the officer's purported conduct. *See Fournier*, 2012 WL 5921142 at \*6 (citing *Meyers,* 400 F.3d at 771).  Accordingly, the Court finds that Plaintiff has not stated a colorable claim under § 1983 against either the private party defendants or the unnamed LVMPD officer.

> 2.   *Plaintiff Does Not State a Civil RICO Claim Under Federal Law.*

Civil RICO is the only other source of federal question jurisdiction pleaded in Plaintiff's Proposed FAC.  To state a civil RICO claim Plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).

To plead a "pattern of racketeering activity" Plaintiff must allege facts demonstrating "at least two acts of racketeering activity, which must be 'related' and 'amount to or pose a threat of continued criminal activity.'" *Nutrition Distribution LLC v. Custom Nutraceuticals LLC*, 194 F.Supp.3d 952, 957 (D. Ariz. 2016) (cleaned up) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239, (1989).  Moreover, "[w]here RICO is asserted against multiple defendants, a plaintiff must allege at least two predicate acts by *each* defendant." *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 865 F.Supp.2d 1002, 1035 (C.D. Cal. 2011) (citing *United States v. Persico,* 832 F.2d 705, 714 (2d Cir. 1987), *cert. denied,* 486 U.S. 1022 (1988)) (emphasis in original).  Finally, the causation element requires a plaintiff to plead "that a RICO predicate offense not only was a 'but for' cause of [her] injury, but was the proximate cause as well." *Hemi Grp., LLC v. City of New York, N.Y.*, 559 U.S. 1, 9 (2010) (citations omitted) (cleaned up).

Here, Plaintiff's Proposed FAC identifies three predicate acts: (1) "CUOA and/or FirstService" sent an email to all residents stating that the building's "water was 'within EPA guidelines'"; (2) Attorney Michael Edwards sent a "materially false" cease-and-desist letter in order to "intimidate and chill Plaintiff's pursuit of money and property rights"; and (3) Hanover "adopted and republished the accusation narrative" about Plaintiff when communicating with the NDI over Plaintiff's unidentified and unexplained complaints to the Department.  ECF No. 98-1 at 12-13.  Plaintiff concludes that these predicate acts caused "concrete injuries to business and

8

property including loss of leasehold value and rent-related economic loss, relocation costs, conversion and loss of personal property valued at approximately $50,000, disruption and loss of business income, and credit and economic harm associated with collections activity pursued in connection with disputed rent." *Id*. at 13-14.

First and foremost, the Court finds the timing of two of the three alleged predicate acts—the cease-and-desist letter and communication with NDI—cannot support Plaintiff's RICO claim because these acts occurred after Plaintiff's alleged injury. ECF No. 98-1 at 8-9; 13-14. Plaintiff does not (and cannot) argue that these acts, which occurred over a month after she was locked out of her apartment, caused her alleged injuries. *See id.* (Plaintiff was locked out of her apartment on May 21, 2025; Edwards sent the cease-and-desist letter on or around June 27, 2025; and Hanover's communication to NDI, "republish[ing] the accusation narrative," incorporated the cease-and-desist letter, and thus necessarily occurred after June 27, 2025). An event coming after alleged harm cannot factually or logically be a *predicate* act that caused harm. *Bellando-Roberts for Phyllis Miller Revocable Tr. v. Cuesta Title Co.*, Case No. CV10-3402 R (FFMx), 2010 WL 11549718, at *1 (C.D. Cal. Nov. 29, 2010) (Plaintiff did not plead causation where the alleged RICO injury predated the identified predicate acts); *Huffman v. Davey Tree Expert Co.*, Case No. 4:18-CV-184, 2025 WL 675458, at *7 (S.D. Ga. Mar. 3, 2025) ("a *later* predicate act cannot be the direct cause of an injury that has *already* occurred") (emphasis in original). What is clear is that, under the facts alleged in Plaintiff' sixth attempt to plead her claims, she fails to state facts demonstrating two predicate acts by each Defendant that caused her harm and, thus, Plaintiff does not state a civil RICO claim. *Nutrition Distribution LLC*, 194 F.Supp.3d at 957 (additional citations omitted).

Given that two of Plaintiff's three alleged acts are not *predicate* acts and, therefore, could not have caused her harm, the Court finds the third alleged act—the misleading building-wide email—even if true—is insufficient to state a RICO claim. *In re WellPoint, Inc.*, 865 F.Supp.2d at 1035 (requiring a minimum of two predicate acts by each defendant allegedly engaged in civil RICO activity). In addition, Plaintiff's allegations regarding the email to all residents fails to support "but for" causation. There are no facts alleged supporting the conclusion that but for "CUOA and/or FirstService" sending an email to all residents regarding water safety Plaintiff would not have ceased

paying rent, been evicted, and lost her apartment.  Indeed, Plaintiff offers no facts tying the CUOA/First Service's email to her eviction at all.  ECF No. 98-1 at 7, 12.[4]

Accordingly, the Court finds that Plaintiff's allegations fail to establish two predicate acts by each Defendant and that any of the acts alleged was the "but for" cause of her harm.  Thus, Plaintiff fails to state a civil RICO claim.  Because Plaintiff does not state a civil RICO claim, her conspiracy to violate RICO claim necessarily fails.  *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000).

B.    The Court Recommends No Further Leave to Amend Be Granted.

The Court recommends no further opportunities to amend be granted to Plaintiff.  The Court's discretion to deny leave to amend is particularly broad where, as here, Plaintiff filed six iterations of her Complaint.  *Ascon Props., Inc.*, 866 F.2d at 1160.  The pending motion is Plaintiff's fifth attempt to amend.  ECF Nos. 61-1, 66-1, 69-1, 71-1, 98-1.  Moreover, Plaintiff's newly pleaded claims and parties were not only reasonably known to her when she commenced this lawsuit, but clearly known when she filed prior attempts to amend.  ECF No. 98-1 at 8-9.  Given the numerous opportunities Plaintiff has had to plead her claims, the Court recommends the pending motion for leave to amend be denied and no further leave to amend be granted.  *Pardo-Pena v. Spector*, Case No. 2:20-CV-03562-MAA, 2022 WL 3009460, at *9 (C.D. Cal. Jan. 21, 2022).

C.    The Court Lacks Jurisdiction Over Plaintiff's Remaining State Law Claims.

Since Plaintiff has not stated a federal question (and diversity cannot be pleaded as stated *supra* at n.3), the Court finds it lacks jurisdiction to assess her state law claims.  *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) ("supplemental jurisdiction cannot exist without original jurisdiction"); *see also Bennett*, 2018 WL 1392894 at *13 ("The Court will not exercise supplemental jurisdiction over state law claims, even if Plaintiff states a claim under state law, unless Plaintiff alleges a viable federal claim in an amended complaint.").

---

[4]    The Court notes that a review of Plaintiff's Complaint further shows she informed Defendant Bonomo of her intentions to withhold rent around March 19, 2025, weeks before the building-wide email was sent. *Id*.

D.    The Court Resets Deadlines as Follows.

The two remaining Motions seek to reset deadlines applicable to (1) Defendant Bonomo's Motion to Extend Time to Respond to Plaintiff's Complaint; and (2) Plaintiff's Motion to Extend Time to Respond to Defendants Salav, Parsons, and Kariger's Motion to Dismiss Pending Ruling on Plaintiff's Motion for Leave to Amend.  ECF Nos. 141, 146.  These Motions are granted. Defendant Bonomo's deadline to respond to Plaintiff's operative Complaint (ECF No. 1) is 21 days after the date of the Court's Order, or July 6, 2026.  Plaintiff's deadline to respond to Defendants Salav, Parsons, and Kariger's Motion to Dismiss (ECF No. 137), is 14 days after the Court's Order, or June 29, 2026.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Defendant Steven Bonomo's Motion to Extend Time to Respond to Plaintiff's Complaint (ECF No. 141) is GRANTED to the extent his deadline to respond to the operative Complaint in this matter is July 6, 2026.

IT IS FURTHER ORDERED that Plaintiff's Motion to Extend Time to Respond to Defendants Salav, Parsons, and Kariger's Motion to Dismiss Pending Ruling on Plaintiff's Motions [sic.] for Leave to Amend (ECF No. 146) is GRANTED to the extent Plaintiff's deadline to oppose their Motion to Dismiss (ECF No. 137) is June 29, 2026.

**IV.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's Fourth Motion for Leave to Amend (ECF No. 98) be DENIED.

IT IS FURTHER RECOMMENDED that no further leave to amend be granted.

Dated this 15th day of June, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court holds

the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).